Filed 10/5/16  P. v. Verile CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JOHN VERILE,<br><br>　　Defendant and Appellant. | G051875<br><br>(Super. Ct. No. 15CF0011)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney, Judge.  Reversed and remanded.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found John Verile guilty of felony resistance of an officer and misdemeanor battery on an officer. On the felony resistance count, the trial court sentenced Verile to an eight month sentence, to run consecutive to a three-year, eight-month sentence in a companion case. On the misdemeanor battery count, the court suspended imposition of sentence without granting probation. Verile challenges the suspended imposition of sentence, arguing the court had no power to postpone imposition of sentence except incident to granting probation. The Attorney General concedes the error. We agree. The judgment is reversed and remanded for resentencing. All other aspects of the judgment are affirmed.

## FACTS

In June 2014, Verile was in custody at the Orange County Central Men's jail when he refused to follow directions and punched a deputy sheriff in the face. Verile was charged with resisting and deterring an executive officer (Pen. Code, § 69; count 1),[1] and misdemeanor battery on an officer (§ 243, subd. (b); count 2). A jury found Verile guilty of both counts.

At the sentencing hearing, the court considered this case together with a companion case stemming from an earlier jury trial. In the companion case, the court sentenced Verile to a total sentence of three years and eight months in prison. In this case, the court sentenced Verile to an eight-month sentence on count 1, to run consecutive to the three-year, eight-month sentence in the companion case. The court suspended imposition of sentence on count 2. Verile timely filed a notice of appeal.

## DISCUSSION

A trial court must pass sentence on the defendant and impose the punishment prescribed. The court has no other discretion other than to sentence the defendant or grant probation. (*People v. Duff* (2010) 50 Cal.4th 787, 795-796.) Here, it

---

[1] All further statutory references are to the Penal Code.

is clear the court did not impose sentence nor did it grant probation.  The Attorney General agrees the court was not authorized to postpone imposition of sentence without granting probation.  We agree the sentence is void and must be reversed.  (§ 1203.1, subd. (a); Cal. Rules of Court, rule 4.433(b).)  Although Verile did not raise the issue of whether section 654 is applicable, it can be considered during resentencing.

## DISPOSITION

The judgment is reversed and remanded for resentencing.  In all other respects, the judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

3